# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLORIDA GIRMAI,<br><br>                               Plaintiff,<br>vs.<br><br>RINCON BAND OF LUISENO INDIANS, CAESARS ENTERTAINMENT CORPORATION, INC., CAESARS ENTERTAINMENT OPERATING COMPANY, HARRAH'S RINCON CASINO AND RESORT, and DOES 1 TO 20,<br><br>                               Defendant. | CASE NO. 11CV2567 JLS (POR)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>(ECF No. 4) |

      On August 30, 2011, Plaintiff filed a complaint in the Superior Court of California against Defendants in negligence and premises liability for an incident that occurred on September 4, 2009. (Compl., ECF No 1-1) Defendants removed the action to federal court on November 3, 2011. (Not. of Removal, ECF No. 1) Defendants thereafter moved to dismiss Plaintiff's complaint on November 10, 2011. (Mot. to Dismiss, ECF No. 4)

      On November 14, 2011, the Court set a briefing schedule on Defendants' motion. (Order, Nov. 14, 2011, ECF No. 6) Pursuant to the briefing schedule, Plaintiff's opposition to Defendants' motion was due by December 15, 2011. (*Id.*) Plaintiff never filed an opposition, and on December 22, 2011, Defendants filed a reply indicating that Plaintiff "has failed to file or serve any opposition to the motion to dismiss." (Reply in Supp., ECF No. 7) As of the date of this Order, Plaintiff has failed to oppose Defendants' motion.

"The Ninth Circuit has held a district court may properly grant an unopposed motion to dismiss pursuant to a local rule where the local rule permits, but does not require, the granting of a motion for failure to respond." *Navarro v. Greenlight Fin. Servs.*, No. 10cv1631, 2010 U.S. Dist. LEXIS 111018, at *3–4 (S.D. Cal. Oct. 19, 2010) (citing *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995)). Under Civil Local Rule 7.1.f.3.c, "[i]f an opposing party fails to file the papers in the manner requested by Civil Local Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion or other request for ruling by the court."[1]

Thus, pursuant to the Local Rules, the Court may grant Defendants' motion solely on the basis of Plaintiff's failure to respond. Having reviewed the facts and the law, the Court nevertheless grants Defendants' motion on the merits. *See Jaramillo v. Harrah's Entm't, Inc.*, No. 09cv2559, 2010 U.S. Dist. LEXIS 14236, at *2 (S.D. Cal. Feb. 16, 2010).

In general, "the inherant sovereign powers of an Indian tribe do not extend to nonmembers of the tribe." *Montana v. United States*, 450 U.S. 544, 565 (1981). The Supreme Court has articulated two exceptions to this rule, however. First, a "tribe may regulate, through taxation, licensing, or other means, the activities of nonmembers who enter consensual relationships with the tribe or its members, through commercial dealing, contracts, leases, or other arrangement." *Id.* Second, a "tribe may also retain inherent power to exercise civil authority over the conduct of non-Indians on fee lands within its reservation when that conduct threatens or has some direct effect on the political integrity, the economic security, or the health or welfare of the tribe." *Id.* at 566. In either of these circumstances, "civil jurisdiction over [disputes arising out of] such activities presumptively lies in the tribal courts." *Strate v. A-1 Contractors*, 520 U.S. 438, 453 (1997) (quoting *Iowa Mut. Ins. Co. v. LaPlante*, 480 U.S. 9, 18 (1987)).

Given the presumption of tribal-court jurisdiction, federal courts adhere to the practice of staying or dismissing an action to "permit a tribal court to determine in the first instance whether it

---

[1] Local Rule 7.1.e.2 requires a party opposing a motion to file an opposition or statement of nonopposition no later than fourteen days prior to the noticed hearing, unless otherwise provided by court order. As indicated, Plaintiff did not file an opposition within the time directed by this Court's November 14, 2011, Order. In that Order, the Court additionally set the hearing date on Defendants' motion for February 16, 2012. Thus, even under the time limits prescribed by Local Rule 7.1.e.2, Plaintiff has failed to file a timely opposition.

1  has the power to exercise subject-matter jurisdiction" over the dispute whenever there is a
2  "colorable question" whether "the assertion of tribal court jurisdiction is plausible and appears to
3  have a valid or genuine basis." *Stock West Corp. v. Taylor*, 964 F.2d 912, 919 (9th Cir. 1992).

4  Here, Defendants assert that Plaintiff Girmai, a patron of the casino, "is a non-Indian who
5  engaged in a consensual relationship with the Rincon Tribe on the reservation by voluntarily
6  entering the Casino." (Mot. to Dismiss 11, ECF No. 4)  The Court finds that it is plausible that a
7  non-Indian who enters a casino located on the Rincon Tribe's land, and that is owned and operated
8  by the Rincon Tribe, enters into a commercial relationship with the Tribe.  As such, the complaint
9  raises a "colorable question" regarding tribal jurisdiction, and the Court must give the tribal court
10 the first opportunity to determine its own jurisdiction.  *Stock West*, 964 F.2d at 919.

11 Although the Court may stay or dismiss the action where tribal exhaustion is required,
12 because Plaintiff failed to oppose Defendants' motion, the Court finds dismissal appropriate.
13 Thus, the Court **GRANTS** Defendants' motion to dismiss, and the Clerk of Court is directed to
14 close the file.

15 **IT IS SO ORDERED**.

17 DATED:  February 16, 2012

18 Honorable Janis L. Sammartino
19 United States District Judge